## GEORGE W. PIERCE *vs.* MAYOR AND COUNCIL OF WILMINGTON.

New Castle County, February Term, 1897.

**Municipal Corporation. Highway. Streets. Negligence.**—Streets within the limits of a city are under its jurisdiction and control and it is its duty to maintain the same, and to see that they are kept in safe and proper condition for public use. A city is bound to perform this duty with due care and diligence and the public have a right, in the absence of proof to the contrary to presume that it has so performed its duty and that the streets and highways are safe and in a passible condition for travel.

**Same.**—The law imposes duties also on travelers using the public streets. They

must use all reasonable care and caution to avoid danger. They must not carelessly run into danger and then make others pay for their own negligence.

**Same.**—They must exercise care proportionate to the *known* danger. They cannot recover for injuries from an accident caused by driving into a hole or obstruction in the street in the daytime, if they either knew or saw, or by reasonable use of their eyesight ought to have seen, such hole or obstruction and which accident they could have avoided by reasonable care and caution.

**Same.**—If the jury believe from the evidence that a hole was left in the street or highway after a city had knowledge of its existence, or by the exercise of reasonable care, should have had knowledge of its existence by its long continuance (for in such case the law implies knowledge) then a city is guilty of negligence.

This was an action on the case brought by George W. Pierce, the plaintiff, against the Mayor and Council of Wilmington, the defendant, to recover damages for alleged injuries to himself and his wagon caused by an accident at Sixteenth and Scott streets, in the City of Wilmington, on the fifteenth day of March, 1895. The plaintiff offered evidence to prove that on the afternoon of March 15, 1895, he in company with Edward O. Thompson was driving a wagon, loaded with furniture, easterly on Sixteenth street, one of the public streets of the city, and at or near the intersection of Sixteenth street with Scott street, by reason of the steep grade in the street, which was muddy from a recent rain, the wheel of his wagon slid into a hole or washout in the roadbed of the street, causing his wagon to upset, and rendering it worthless thereafter; and that he, in attempting to save himself, jumped in the opposite direction as the wagon was going over, and was caught in the running gear, and received personal injuries from which he is still suffering. There was evidence that the hole or excavation was caused by a washout and that the city had permitted it to remain there for a year or more. Just opposite the hole and in the bed of Sixteenth street, was a pile of stones and between the hole and stones there was a roadbed used by wagons, one of the

tracks being a few inches from the hole and the other being only a few inches from the stones. Owing to the condition of the street this was the only place he could pass from Sixteenth street to Scott street and he alleged that the city had permitted it to remain this way and by reason thereof, he was injured while exercising due care and caution.

The defendant offered evidence to prove that there was no hole in the street except the necessary hollow or excavation at the junction of Sixteenth and Scott streets to allow the surface water to empty into a drain pipe; and that there was no stones within a hundred or a hundred and fifty feet of the corner; that the grade was slight, being only at the rate of eight feet to the hundred; that there was plenty of room to pass and the road or street was in a safe condition for travel; that the defendant had so overloaded his wagon as to make it top heavy and that he carelessly drove the wagon so loaded, causing it to upset while turning the corner at Sixteenth and Scott streets; that the plaintiff was familiar with the locality and knew of the hole or washout if there was any; and that if he did not, he ought to have known of it by the exercise of ordinary care.

The plaintiff claimed that his injuries arose from the defendant's negligence, while the defendant claimed that they arose from the plaintiff's negligence.

*P. L. Cooper*, for the plaintiff.

*H. G. Knowles*, for the defendant.

MARVEL, J., (charging the jury).

The points of law raised in this case and upon which we have been asked to charge are not new, they have all been previously decided by the Courts of this State and are now well settled law.

Sixteenth street and Scott street are public streets and highways of this city and they with all the streets within the limits of the city are under its jurisdiction and control and it is its duty to

maintain the same, and to see that they are kept in safe and proper condition for public use. The city is bound to perform this duty with due care and diligence and the public have a right, in the absence of proof to the contrary, to presume that it has so performed its duty and that the streets and highways are safe and in a passible condition for travel.

The law, however, imposes duties also on travelers using the public streets. They must use all reasonable care and caution to avoid danger. They may not carelessly run into danger, and then make others pay for their own negligence. *Wilkins vs. Wilmington*, 2 Marvel 132.

They must exercise care proportionate to the *known* danger. They cannot recover for injuries from an accident caused by driving into a hole or obstruction in the street in the daytime, if they either knew or saw, or by the reasonable use of their eyesight ought to have seen, such hole or obstruction and which accident they could have avoided by reasonable care and caution.

If you believe the evidence offered by the plaintiff as to the condition of Sixteenth street and that he knew of the alleged defect or danger, or ought to have known, provided he had used reasonable care in looking; but not so looking and without reasonable care drove carelessly and negligently along the street and into the opening, he was guilty of contributory negligence and may not recover, whatever may have been the condition of the street and even if the city *was* negligent ; neither is he entitled to recover if the injury arose from the plaintiff's negligence in the manner of loading his wagon or by the want of the exercise of reasonable care and caution in turning the street corner, because under the law he is not entitled to recover under the facts of this case if he in any way by his carelessness and negligence contributed to the accident.

If, however, you believe from the evidence that this hole was left in the street or highway after the city had knowledge of its existence, or in your judgment by the exercise of reasonable care, should have had knowledge of its existence by its long continuance (for in such case the law implies knowledge) then the city is guilty

of negligence and if the plaintiff, while in the exercise of ordinary care and without negligence on his part was injured by such negligence, the city is liable.

The right of the plaintiff to recover is based on the negligence of the defendant, and the burden is upon him to prove by a preponderance of evidence that the injury resulted from such negligence

When the testimony is conflicting you are to reconcile it if you can. If you cannot reconcile it, then you must take into consideration the number and character of the witnesses, their apparent interest, manner of giving their testimony, their intelligence and opportunities for obtaining correct information, and give credit to those you think most worthy of credit under all the circumstances and be governed by the weight of the testimony.

"Applying the law as above stated you are to determine whether the injuries complained of resulted from the negligence of the defendant alone; if so your verdict should be for the plaintiff." On the other hand you are to inquire whether they resulted from the carelessness of the plaintiff alone; or from the combined carelessness of the plaintiff and the defendant. If the plaintiff alone was negligent, or if he contributed in any manner by his negligence to the injuries your verdict should be for the defendant." *Wilkins vs. Mayor and Council, Supra.*

If your verdict should be for the plaintiff it should be for such reasonable sum as will compensate him for his injuries to his wagon and to himself, including therein all expenses for medical attendance, a reasonable allowance for nursing and drugs, for the loss of time and wages and for his pain and suffering in the past, and such as may come in the future, resulting from the accident and for such permanent injuries as from the evidence, the jury may believe will cover his pecuniary loss from his diminished ability to earn a living in the future.

*Verdict for the plaintiff for $675.*